**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

JOHN J. DAVIS,

       Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.

No. 17-CV-80-LRR

**ORDER**

*I.   INTRODUCTION……………………………………………………………………1*

*II.  RELEVANT PROCEDURAL HISTORY……………………………………………2*

*III. STANDARD OF REVIEW…………………………………………………………2*
    *A.   Review of Final Decision……………………………………………………2*
    *B.   Review of Report and Recommendation…………………………………4*

*IV. OBJECTIONS………………………………………………………………………6*
    *A.   Credibility Determination…………………………………………………6*
    *B.   New Evidence Provided to the Appeals Council…………………………10*
        *1.   Factual background……………………………………………10*
        *2.   Applicable law…………………………………………………10*
        *3.   Davis's objection………………………………………………12*
    *C.   RFC Assessment……………………………………………………………13*

*V.   SUPPLEMENTAL BRIEF…………………………………………………………16*

*VI. CONCLUSION……………………………………………………………………17*

### *I. INTRODUCTION*

The matter before the court is Plaintiff John J. Davis's Objections (docket no. 22) to United States Chief Magistrate Judge C.J. Williams's Report and Recommendation (docket no. 20), which recommends that the court affirm Defendant Commissioner of Social Security's ("Commissioner") final decision to deny disability benefits to Davis.

## II. RELEVANT PROCEDURAL HISTORY

On July 24, 2017, Davis filed a Complaint (docket no. 3), seeking judicial review of the Commissioner's final decision denying Davis's applications for Title II disability insurance benefits and Title XVI supplemental security income ("SSI") benefits. On October 11, 2017, the Commissioner filed an Answer (docket no. 8). On January 10, 2018, Davis filed the Plaintiff's Brief (docket no. 14). On January 31, 2018, the Commissioner filed the Defendant's Brief (docket no. 15). On February 21, 2018, the matter was referred to Judge Williams for issuance of a report and recommendation. On July 27, 2018, Judge Williams issued the Report and Recommendation. On August 10, 2018, Davis filed the Objections. On August 14, 2018, Davis filed a Supplemental Brief (docket no. 25). On August 17, 2018, the Commissioner filed a Response to the Objections (docket no. 26). On August 29, 2018, the Commissioner filed a Response to the Supplemental Brief (docket no. 27).[1] On September 4, 2018, Davis filed a Reply Brief (docket no. 28). The matter is fully submitted and ready for decision.

## III. STANDARD OF REVIEW

### A. Review of Final Decision

The Commissioner's final determination not to award SSI benefits is subject to judicial review to the same extent as provided in 42 U.S.C. § 405(g). *See* 42 U.S.C. § 1383(c)(3). Pursuant to 42 U.S.C. § 405(g), the court has the power to "enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's factual findings shall be conclusive "if supported by substantial evidence."

---

[1] The Commissioner's brief is untimely. *See* August 14, 2018 Order (docket no. 24) ("The Commissioner shall file any responsive brief to Davis's Supplemental Brief by no later than Monday, August 27, 2018.") (alterations omitted). Nevertheless, the court shall consider the Commissioner's Response. The Commissioner is cautioned to strictly comply with the court's orders in the future.

*Id*. "The court 'must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole.'" *Bernard v. Colvin*, 774 F.3d 482, 486 (8th Cir. 2014) (quoting *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006)). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Fentress v. Berryhill*, 854 F.3d 1016, 1019-20 (8th Cir. 2017) (quoting *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007)).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [administrative law judge ("ALJ")], but [it] do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers "both evidence that detracts from the Commissioner's decision, as well as evidence that supports it." *Fentress*, 854 F.3d at 1020; *see also Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (providing that review of the Commissioner's decision "extends beyond examining the record to find substantial evidence in support of the [Commissioner's] decision" and noting that the court must also "consider evidence in the record that fairly detracts from that decision"). The Eighth Circuit Court of Appeals explained this standard as follows:

> This standard is "something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal."

*Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (quoting *Turley v. Sullivan*, 939 F.2d 524, 528 (8th Cir. 1991)). The court "will not disturb the denial of benefits so long as the ALJ's decision falls within the available zone of choice." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011) (quoting *Bradley v. Astrue*, 528 F.3d 1113, 1115 (8th Cir. 2008)). "An ALJ's decision is not outside the zone of choice simply because [the court] might have reached a different conclusion had [the court] been the initial finder of fact." *Id*. (quoting *Bradley*, 528 F.3d at 1115). Therefore, "even if inconsistent conclusions may

be drawn from the evidence, the [Commissioner's] decision will be upheld if it is supported by substantial evidence on the record as a whole." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *see also Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (providing that a court "may not reverse simply because [it] would have reached a different conclusion than the [Commissioner] or because substantial evidence supports a contrary conclusion").

## B. *Review of Report and Recommendation*

The standard of review to be applied by the court to a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) (providing that, when a party properly objects to a report and recommendation on a dispositive motion, a district court must review de novo the magistrate judge's recommendation). The Eighth Circuit has repeatedly held that it is reversible error for a district court to fail to conduct a de novo review of a magistrate judge's report and recommendation when such review is required. *See, e.g.*, *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003); *Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir. 1996); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995); *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994). The statute governing review provides only for de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). When a party fails to object to any portion of a magistrate judge's report and recommendation, he or she waives the right to de novo review. *See Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994). The United States Supreme Court has stated that "[t]here is no indication that Congress, in enacting § 636(b)(1)[ ], intended to require a

4

district judge to review a magistrate's report to which no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 152 (1985). However, "while the statute does not require the judge to review an issue de novo if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under de novo or any other standard." *Id*. at 154.

The Eighth Circuit has suggested that in order to trigger de novo review, objections to a magistrate judge's conclusions must be specific. *See Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989); *see also Belk*, 15 F.3d at 815 (noting that some circuits do not apply de novo review when a party makes only general and conclusory objections to a magistrate judge's report and recommendation and finding that *Branch* indicates the Eighth Circuit's "approval of such an exception"); *Thompson v. Nix*, 897 F.2d 356, 357-58 (8th Cir. 1990) (reminding the parties that "objections must be . . . specific to trigger de novo review by the [d]istrict [c]ourt of any portion of the magistrate's report and recommendation"). The Sixth Circuit Court of Appeals has explained the approach as follows:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Goney v. Clark*, 749 F.2d 5, 6 n.1 (3d Cir. 1984) (finding that "plaintiff's objections

5

lacked the specificity necessary to trigger de novo review"); *Whited v. Colvin*, No. C 13-4039-MWB, 2014 WL 1571321, at *2-3 (N.D. Iowa Apr. 18, 2014) (concluding that, because the plaintiff "offer[ed] nothing more than a conclusory objection to . . . [the report and recommendation,] . . . [the plaintiff's] objection [should be treated] as if he had not objected at all"); *Banta Corp. v. Hunter Publ'g Ltd. P'ship*, 915 F. Supp. 80, 81 (E.D. Wis. 1995) ("De novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made.").

## IV. OBJECTIONS

In the Objections, Davis argues that: (1) Judge Williams generally erred in concluding that the ALJ's credibility determination is supported by substantial evidence; (2) Judge Williams generally erred "in [his] treatment of the issue" of "evidence provided to the Appeals Council"; and (3) Judge Williams erred in concluding that the ALJ's residual functional capacity ("RFC") determination is supported by substantial evidence. *See* Objections 2-4. After conducting a de novo review of the objected-to portions of the Report and Recommendation and the Administrative Record ("AR") (docket nos. 9-1 through 9-9), the court shall overrule the Objections.

### A. Credibility Determination

Here, Davis offers a purely conclusory argument, merely stating that he "continues to rely on his principal brief, and objects to the [Report and Recommendation] generally in its treatment of this issue." Objections at 2. The court presumes that Davis objects to Judge Williams's conclusions that "the ALJ did consider the record as a whole in deciding to discount [Davis's] subjective allegations" and that "the ALJ's decision was supported by substantial evidence on the record as a whole." Report and Recommendation at 11. Initially, the court notes that Davis's argument fails to comply with the Local Rules, which require "[a] party who objects to . . . a magistrate judge's report and recommendation"

6

to "file *specific*, written objections to the . . . report and recommendation." LR 72A (emphasis added). Moreover, Davis's failure to object to Judge Williams's findings regarding the ALJ's credibility determination with any specificity means that Davis has waived his right to de novo review of this issue. *See Thompson*, 897 F.2d at 357-58 (providing that "objections must be . . . specific to trigger de novo review by the [d]istrict [c]ourt of any portion of the magistrate's report and recommendation"). Nevertheless, out of an abundance of caution, and in this instance, the court shall review the ALJ's credibility determination de novo. *See Thomas*, 474 U.S. at 154 (providing that, while de novo review is not required when a party fails to object to a magistrate judge's report and recommendation, the court may apply "de novo or any other standard [of review]").

When assessing a claimant's credibility, "the ALJ must consider all of the evidence, including objective medical evidence, the claimant's work history, and evidence relating to the factors set forth in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)." *Vance v. Berryhill*, 860 F.3d 1114, 1120 (8th Cir. 2017). In *Polaski*, the Eighth Circuit stated that:

> [t]he [ALJ] must give full consideration to all the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and side effects of medication; [and] (5) functional restrictions.

739 F.2d at 1322. The ALJ, however, may not disregard "a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (quoting *Wiese v. Astrue*, 552 F.3d 728, 733 (8th Cir. 2009)).

Instead, an ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the record as a whole." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir.

7

2010). If an ALJ discounts a claimant's subjective complaints, he or she is required to "make an express credibility determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the *Polaski* factors." *Renstrom*, 680 F.3d at 1066 (quoting *Dipple v. Astrue*, 601 F.3d 833, 837 (8th Cir. 2010)); *see also Ford v. Astrue*, 518 F.3d 979, 982 (8th Cir. 2008) (stating that an ALJ is "required to 'detail the reasons for discrediting the testimony and set forth the inconsistencies found'" (quoting *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003))). Where an ALJ seriously considers, but for good reason explicitly discredits a claimant's subjective complaints, the court will not disturb the ALJ's credibility determination. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination."). "The credibility of a claimant's subjective testimony is primarily for the ALJ to decide, not the courts." *Igo*, 839 F.3d at 731 (quoting *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001)).

In the decision, the ALJ determined that "[Davis's] medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Davis's] statements concerning the intensity, persistence and limiting effects of [the] symptoms [were] not consistent with the evidence to the extent they [were] inconsistent with the . . . [RFC] assessment." AR at 113. Specifically, the ALJ found that:

> [Davis's] allegations of disability are eroded by his activities of daily living. This includes independent living throughout the adjudicative period, performing his own personal care and grooming tasks, preparing simple meals, household cleaning, using public transportation, going shopping, and paying

8

> bills. . . .
>
> In addition to the above activities, the medical evidence is replete with references to [Davis] working and/or searching for employment throughout the period in which he has alleged disability. [Davis] frequently cited financial necessity as to why he needed to work. As recently as November 2015, he was working two jobs (per his testimony this was the coffee shop job and the janitorial job), 20 to 25 hours a week. Records in late 2014 show he had applied to be a "peer support person" through the Department of Human Services. He indicated he had completed a one-week training period and passed a written test for the position. He was ultimately turned down, however, because of a criminal background check. . . .
>
> [Davis's] specific allegations of functional deficits related to fibromyalgia pain, back pain, and knee pain do not appear consistent with the objective medical evidence. Despite his subjective pain complaints, physical examination findings have remained grossly intact throughout, as far as motor strength, sensation, reflexes, and a normal gait. [Davis] testified he was prescribed a cane for assistance with ambulation but the medical evidence of record does not appear to support this. [Davis] had a lumbar laminectomy procedure in early March of 2016. However, the evidence contains no record of follow-up visits.
>
> Similarly, [Davis's] reports of functional deficits related to mental health impairments do not appear consistent with the medical evidence. Aside from a low or agitated mood, mental status findings have been generally unremarkable throughout, with full alertness and orientation, appropriate dress and grooming, good eye contact, normal speech and thought process, intact cognition and memory function, and fair judgment/insight. Treatment notes indicate [Davis's] depression was largely situational, stemming from psychosocial and economic stressors.

*Id*. at 113-14.

It is clear from the ALJ's decision that she thoroughly considered and discussed Davis's treatment history, medical history, functional restrictions and activities of daily living in making her credibility determination. Thus, having reviewed the entire record, the court finds that the ALJ adequately considered and addressed the *Polaski* factors in determining that Davis's subjective allegations of disability were not credible. *See Goff v. Barnhart*, 421 F.3d 785, 791 (8th Cir. 2005) (noting that an ALJ is not required to explicitly discuss each *Polaski* factor, it is sufficient if the ALJ acknowledges and considers those factors before discounting a claimant's subjective complaints). Therefore, because the ALJ seriously considered, but for good reasons explicitly discredited, Davis's subjective complaints, the court will not disturb the ALJ's credibility determination. *See Johnson*, 240 F.3d at 1148. Even if inconsistent conclusions could be drawn on this issue, the court upholds the conclusions of the ALJ because they are supported by substantial evidence on the record as a whole. *See Guilliams*, 393 F.3d at 801. Accordingly, the court shall overrule this objection.

### B. *New Evidence Provided to the Appeals Council*

#### 1. *Factual background*

On June 23, 2016, the ALJ filed the decision denying Davis disability benefits. AR at 116. On August 19, 2016, Davis filed a request for review of the ALJ's decision with the Appeals Council. *Id*. at 189. On November 30, 2016, Davis filed new evidence with the Appeals Council consisting of a medical source statement from Brenda Miller, a licensed social worker who treated Davis. *Id*. at 318-21. On June 23, 2017, the Appeals Council denied Davis' request for review. *Id*. at 8. In its decision, the Appeals Council stated that it found that the new evidence submitted by Davis did "not show a reasonable probability that it would change the outcome of the [ALJ's] decision." *Id*. at 9.

#### 2. *Applicable law*

The Eighth Circuit has explained the effect of new evidence submitted to the

Appeals Council for a reviewing court:

> The regulations provide that the Appeals Council must evaluate the entire record, including any new and material evidence that relates to the period before the date of the ALJ's decision. The newly submitted evidence thus becomes part of the "administrative record," even though the evidence was not originally included in the ALJ's record. If the Appeals Council finds that the ALJ's actions, findings, or conclusions are contrary to the weight of the evidence, including the new evidence, it will review the case.

*Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000) (citations omitted). Applying these principles in *Cunningham*, the Eighth Circuit determined that:

> Here, the Appeals Council denied review, finding that the new evidence was either not material or did not detract from the ALJ's conclusion. In these circumstances, we do not evaluate the Appeals Council's decision to deny review, but rather we determine whether the record as a whole, including the new evidence, supports the ALJ's determination.

222 F.3d at 500 (citation omitted); *see also Van Vickle v. Astrue*, 539 F.3d 825, 828 (8th Cir. 2008) (stating that the final decision of the Commissioner should be affirmed if the decision "is supported by substantial evidence on the record as a whole, including the new evidence that was considered by the Appeals Council"); *Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992) ("The newly submitted evidence is to become part of what we will loosely describe as the 'administrative record,' even though the evidence was not originally included in the ALJ's record. . . . If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision."). The Eighth Circuit has noted that a reviewing court "must speculate to some extent on how the [ALJ] would have weighed the newly submitted reports if they had been available for the original hearing." *Riley v. Shalala*, 18 F.3d 619, 622 (8th Cir. 1994).

### 3. *Davis's objection*

Davis again offers a purely conclusory argument and states only that he "continues to rely on his principal brief, and objects to the [Report and Recommendation] generally in its treatment of this issue." Objections at 2. The court presumes that Davis objects to Judge Williams's conclusion that, based on "the entirety of the record . . . substantial evidence on the record as a whole would have supported the ALJ's decision, even if the ALJ had the benefit of Ms. Miller's opinion when deciding [Davis's] claim." Report and Recommendation at 15. Davis's argument fails to comply with the Local Rules, which require "[a] party who objects to . . . a magistrate judge's report and recommendation" to "file *specific*, written objections to the . . . report and recommendation." LR 72A (emphasis added).

Further, because Davis has failed to offer any specific objection to the Report and Recommendation with regard to the issue of new evidence provided to the Appeals Council, and only generally objects to Judge Williams's findings on this issue, the court finds that de novo review has not been triggered. *See Thompson*, 897 F.2d at 357-58 (providing that "objections must be . . . specific to trigger de novo review by the [d]istrict [c]ourt of any portion of the magistrate's report and recommendation"). Upon plain error review, *see Thomas*, 474 U.S. at 154, the court finds that there is no ground to reject or modify Judge Williams's thorough analysis and conclusion that the new evidence presented to the Appeals Council would not have changed the ALJ's decision had she been given the opportunity to review the new evidence.

Moreover, even if de novo review had been triggered, the court, having reviewed the entire record, including the new and additional evidence submitted to the Appeals Council, agrees with both the Appeals Council's decision and Judge Williams's Report and Recommendation that the new evidence does not provide a basis for changing the ALJ's decision. *See Van Vickle*, 539 F.3d at 828 (providing that the final decision of the

Commissioner should be affirmed if the decision "is supported by substantial evidence on the record as a whole, including the new evidence that was considered by the Appeals Council"). Accordingly, the court shall overrule the objection.

## C. RFC Assessment

Davis objects to Judge Williams's conclusions that "the ALJ considered the medical records and notes of several treating physicians and other medical sources, and [Davis's] own testimony regarding his daily activities in determining that [Davis] had the RFC to do limited light work" and that "the ALJ's decision is supported by substantial evidence on the record as a whole." Report and Recommendation at 19. In general, Davis argues that the ALJ's RFC assessment is not supported by substantial evidence. *See* Objections at 2-4. In particular, Davis argues that Judge Williams erred in citing *Eichelberger v. Barnhart*, 390 F.3d 584 (8th Cir. 2004) for the proposition that "no further medical opinions were needed" in determining Davis's RFC. Objections at 3. Davis maintains that *Eichelberger* is inapplicable in this case because it was a step four case and this is a step five case.[2] *See id*.

When an ALJ determines that a claimant is not disabled, he or she concludes that the claimant retains the RFC to perform a significant number of other jobs in the national economy that are consistent with the claimant's impairments and vocational factors such as age, education and work experience. *See Beckley v. Apfel*, 152 F.3d 1056, 1059 (8th

---

[2] Pursuant to the federal regulations, an ALJ must complete the five-step sequential evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Moore v. Colvin*, 769 F.3d 987, 988-89 (8th Cir. 2014). The five steps an ALJ must consider are: "(1) whether the claimant is currently employed; (2) whether the claimant is severely impaired; (3) whether the impairment is or approximates an impairment listed in Appendix 1; (4) whether the claimant can perform past relevant work; and, if not, (5) whether the claimant can perform any other kind of work." *Hill v. Colvin*, 753 F.3d 798, 800 (8th Cir. 2014); *see also* Report and Recommendation at 3-5 (providing a thorough explanation of the five-step sequential evaluation process).

Cir. 1998). The ALJ is responsible for assessing a claimant's RFC, and his or her assessment must be based on all of the relevant evidence. *See Combs v. Berryhill*, 878 F.3d 642, 646 (8th Cir. 2017). Relevant evidence for determining a claimant's RFC includes "medical records, observations of treating physicians and others, and an individual's own description of his limitations." *Id*. (quoting *Strongson v. Barnhart*, 361 F.3d 1066, 1070 (8th Cir. 2004)). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Id*. (quoting *Steed v. Astrue*, 524 F.3d 872, 875 (8th Cir. 2008)).

Additionally, an ALJ "has a duty to fully and fairly develop the evidentiary record." *Byes v. Astrue*, 687 F.3d 913, 915-16 (8th Cir. 2012); *see also Smith v. Barnhart*, 435 F.3d 926, 930 (8th Cir. 2006) ("A social security hearing is a non-adversarial proceeding, and the ALJ has a duty to fully develop the record."). "There is no bright line rule indicating when the Commissioner has or has not adequately developed the record; rather, such an assessment is made on a case-by-case basis." *Mouser v. Astrue*, 545 F.3d 634, 639 (8th Cir. 2008).

The ALJ thoroughly addressed and considered Davis's medical and treatment history. *See* AR at 111-12, 114 (providing a thorough discussion of Davis's overall medical history and treatment). The ALJ also properly considered and thoroughly addressed Davis's subjective allegations of disability in making her overall disability determination, including determining Davis's RFC. *See id*. at 113-14 (providing a thorough review of Davis's subjective allegations of disability). Therefore, having reviewed the entire record, the court finds that the ALJ properly considered Davis's medical records, observations of treating physicians and Davis's own description of his limitations in making the RFC assessment for Davis. *See id.* at 111-14 (providing a thorough discussion of the relevant evidence for making a proper RFC determination); *see*

*also Combs*, 878 F.3d at 646 (explaining what constitutes relevant evidence for assessing a claimant's RFC). Furthermore, the court finds that the ALJ's decision is based on a fully and fairly developed record. *See Byes*, 687 F.3d at 915-16. Because the ALJ considered the medical evidence as a whole, the court concludes that the ALJ made a proper RFC determination supported by the medical evidence. *See Combs*, 878 F.3d at 646; *Guilliams*, 393 F.3d at 803.

Davis's argument that Judge Williams erred in citing *Eichelberger* is wholly without merit. Nowhere in the Report and Recommendation does Judge Williams cite *Eichelberger* for the proposition that "no further medical opinions were needed" in determining Davis's RFC. Instead, Judge Williams cites *Eichelberger* for the proposition that "[a] claimant's RFC is a medical question, and, thus, some medical evidence must support the determination of the claimant's RFC." Report and Recommendation at 16. Similarly, Judge Williams cited *Eichelberger* stating that "the RFC is based on all relevant medical and other evidence." Report and Recommendation at 18. These are proper citations to *Eichelberger* because all RFC assessments must be based on all the relevant evidence in the record, including some medical evidence. *See Combs*, 878 F.3d at 646. Further, Judge Williams cites *Eichelberger* for the proposition that a claimant "has the burden to establish [his] RFC." Report and Recommendation at 18 (alteration in original). Again, this was a proper citation to *Eichelberger*, as the burden of establishing the RFC is always on the claimant. *See Hensley v. Colvin*, 829 F. 3d 926, 932 (8th Cir. 2016) (stating that "the burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five." (quoting *Goff*, 421 F.3d at 790)).

Because the ALJ made a proper RFC determination and Judge Williams did not err in citing *Eichelberger* in the Report and Recommendation, the court shall overrule the objection.

## V. SUPPLEMENTAL BRIEF

In the Supplemental Brief, Davis contends that the ALJ that decided Davis's claim "was an inferior officer not appointed in a constitutional manner" and, therefore, the ALJ's decision must be vacated and the case must be remanded to be decided by a properly appointed ALJ. Supplemental Brief at 1-2. Davis relies on *Lucia v. S.E.C.*, ___ U.S. ___, 138 S. Ct. 2044 (2018), which held that ALJs for the Securities and Exchange Commission are "Officers of the United States," and therefore, are subject to the Appointments Clause. 138 S. Ct. at 2055.

In *Lucia*, the Supreme Court stated that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his case' is entitled to relief." *Id*. at 2055 (quoting *Ryder v. United States*, 515 U.S. 177, 182-83 (1995)). The Supreme Court further stated that the plaintiff had "made just such a timely challenge: He contested the validity of [presiding ALJ's] appointment before the Commission, and continued pressing that claim in the Court of Appeals and this Court." *Id*. Unlike the plaintiff in *Lucia*, Davis did not contest the validity of the Social Security Administration ALJ who decided his case at the agency level. The record clearly demonstrates that Davis did not raise his Appointments Clause argument before either the ALJ or the Appeals Council. Rather, Davis raised this issue for the first time to this court on judicial review, after Judge Williams had issued the Report and Recommendation. Because Davis did not raise his Appointments Clause challenge before the ALJ or Appeals Council, the court finds that he has waived this issue. *See N.L.R.B. v. RELCO Locomotives, Inc.*, 734 F.3d 764, 798 (8th Cir. 2013) (concluding that a plaintiff who raised an Appointments Clause challenge "waived its challenge to the Board's composition because it did not raise the issue before the Board"); *Anderson v. Barnhart*, 344 F.3d 809, 814 (8th Cir. 2003) (finding that a claimant's failure to raise a disability claim during the administrative process "waived [the claim] from being raised on appeal"); *Shaibi v. Berryhill*, 883 F.3d

1102, 1109 (9th Cir. 2017) ("[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." (quoting *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999))); *Trejo v. Berryhill*, No. EDCV 17-0879-JPR, 2018 WL 3602380, at *3 n.3 (C.D. Cal. July 25, 2018) ("To the extent *Lucia* applies to Social Security ALJs, [the] [p]laintiff has forfeited the issue by failing to raise it during her administrative proceedings.").

Davis cites *Sims* for the proposition that "[t]o preserve federal court review for all potential ALJ hearing decision errors, all a claimant must do is file a request for review." Supplemental Brief at 6. Davis's argument is without merit. The Ninth Circuit Court of Appeals addressed a similar argument and explained that "*Sims* concerned only whether a claimant must present all relevant issues *to the Appeals Council* to preserve them for judicial review; the [Supreme] Court specifically noted that '[w]hether a claimant must exhaust issues before the ALJ is not before us.'" *Shaibi*, 883 F.3d at 1109 (second alteration in original) (quoting *Sims*, 530 U.S. at 107). Here, Davis did not present his Appointments Clause challenge to the ALJ *or* the Appeals Council. Thus, the Eighth Circuit's finding in *Anderson*, that a claimant's failure to raise an issue during the administrative process waives the claim from being raised on appeal, is not affected by the holding in *Sims*. *See* 344 F.3d at 814. The court concludes that Davis's Appointments Clause argument is waived.

## VI. CONCLUSION

In light of the foregoing, it is hereby **ORDERED**:

(1)  The Objections (docket no. 22) are **OVERRULED**;

(2)  The Report and Recommendation (docket no. 20) is **ADOPTED** and the final decision of the Commissioner is **AFFIRMED**; and

(3)  The Complaint (docket no. 3) is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

**DATED** this 10th day of September, 2018.

LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA